**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                                    No. 97-4799

DONALD COZART,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
Henry M. Herlong, Jr., District Judge.
(CR-95-945)

Submitted: March 3, 1998

Decided: March 19, 1998

Before HAMILTON and LUTTIG, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William G. Yarborough, III, ASHMORE & YARBOROUGH, P.A.,
Greenville, South Carolina, for Appellant. J. Rene Josey, United
States Attorney, David C. Stephens, Assistant United States Attorney,
Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Donald Cozart appeals his jury conviction of one count of mail fraud in violation of 18 U.S.C. §§ 1341, 2 (1994). We affirm.

Cozart takes issue with the trial court's denial of his motion for judgment of acquittal, contending that the Government failed to present sufficient evidence of a mailing. We review the denial of a motion for judgment of acquittal under a sufficiency of the evidence standard. See Fed. R. Crim. P. 29; United States v. Brooks, 957 F.2d 1138, 1146-47 (4th Cir. 1992). To support a conviction, "the evidence, when viewed in the light most favorable to the government, must be sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt." United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir. 1993). Circumstantial as well as direct evidence is considered, and the government is given the benefit of all reasonable inferences from the facts proven to those sought to be established. See United States v. Tresvant , 677 F.2d 1018, 1021 (4th Cir. 1982).

To support a conviction for mail fraud, the Government must establish (1) the existence of a scheme to defraud, and (2) a mailing for the purpose of executing the scheme. See United States v. United Medical & Surgical Supply Corp., 989 F.2d 1390, 1404 (4th Cir. 1993). Cozart first contends that the Government failed to prove the occurrence of a mailing because the letter admitted at trial was not properly authenticated. The district court's ruling to admit the letter into evidence is reviewed for abuse of discretion. See United States v. Hassan El, 5 F.3d 726, 731 (4th Cir. 1993). Our review of the record discloses that the court did not abuse its discretion in admitting the letter as evidence at trial.

The evidence at trial revealed that Cozart and his half-brother, Alan Burdick, sold business packages consisting of machinery, training,

2

territories, and support services throughout the United States at trade and entrepreneur fairs. Numerous victims testified that they had contracted to purchase machinery and support services to enable them to start a small business. Among the support services promised were marketing assistance and protected territories, which were never provided. In addition, many victims never received the machinery they purchased through Cozart and Burdick. When the victims tried to obtain the machinery, they were ignored, given false excuses, or promised a future delivery that never took place. Testimony established that various victims received letters promising future delivery.

At trial, the Government introduced only one of these letters, as referred to in the single indictment, through witness Debra Bonilla. The Bonillas had purchased glass etching equipment from Cozart for over $12,000 in January 1994. They never received the equipment or services, and after months of unsuccessful efforts to contact Cozart, began correspondence with the State Attorneys General in California and South Carolina. Through this contact, Bonilla received a letter from the Attorney General of California enclosing a letter from Alan Burdick, dated April 29, 1997. The enclosed letter, which was addressed to the Attorney General, accused the Bonillas of libel and slander and expressed an intent to take legal action against them.

At the same time that the letter by Burdick was received by the Attorney General, the Bonillas received a letter from Burdick also dated April 29, 1997. Bonilla testified that the letter, on letterhead of one of Cozart and Burdick's companies and signed by Burdick, was delivered to her and her husband's home through the United States Mail. In that letter, Burdick apologized profusely for the company's tardiness in shipping the machinery and cited various unforeseen contingencies. Burdick promised shipment within 150 days. Over defense counsel's objection, the court admitted the letter into evidence.

We find Cozart's contention that the letter was improperly admitted to be without merit. Bonilla identified the letter and testified that it arrived at the Bonilla residence through the United States Mail. The letter was thus properly identified and authenticated and its admission was not an abuse of discretion. See Fed. R. Evid. 901(a), (b)(1). Cozart also argues that the letter should not have been admitted because it was inadmissible hearsay. We reject this contention.

3

Because the letter was not offered for the truth of the information asserted in its contents, it was not hearsay. <u>See</u> Fed. R. Evid. 801(c).

Finally, Cozart asserts that the evidence was insufficient to sustain his conviction because the Government failed to prove that the mailing of the letter was part of the execution of the fraud. This assertion has no merit. We have held that "lulling letters," letters sent to victims for the purpose of advancing a fraudulent and criminal scheme, are sufficient to charge mail fraud, even when the letters follow the acquisition of the money in question. <u>See United States v. Snowden</u>, 770 F.2d 393, 398 (4th Cir. 1985). The evidence supports a finding that the Burdick letter was written precisely when the company became aware of the Bonillas' complaints about their practices. Full of apologies, excuses, and promises to ship machinery in the future, the letter was intended to calm the Bonillas, postpone their efforts to take legal action, and make ultimate apprehension and prosecution less likely.

We accordingly affirm Cozart's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4